RECEIPT # 73551
AMOUNT $ 350.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. _____
DATE 7/7/2006

**06 CA 11170 RCL**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ESTATE OF JUDITH SHLAGMAN, ) | |
| ) | |
| Plaintiff ) | MAGISTRATE JUDGE Collings |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| KOPPEL MILLER, BANC OF AMERICA ) | |
| INVESTMENT SERVICES, INC., and ) | |
| COLUMBIA MANAGEMENT ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants ) | |

## COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. This action is brought by the Estate of Judith Shlagman to recover damages arising out of the theft of assets by Koppel Miller from a brokerage account formerly maintained by Banc of America Investment Services, Inc. and most recently maintained by Columbia Management Services, Inc. and the failure of the two corporate defendants to properly safeguard the account.

### JURISDICTION

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and the defendants and the amount in controversy exceeds $75,000.

**PARTIES**

3. Plaintiff, Estate of Judith Shlagman is a decedent's estate being administered under the direction and authority of Audrey Sheila Kaplan and Marilyn Lynnette Treger, Joint Executrices of the Estate. Ms. Kaplan resides at 12 Engelwold Drive, Saxonwold, Johannesburg, 2196, South Africa and Ms. Treger resides at Unit 1, Laura Close, Laura Lane, Melrose North, Johannesburg, 2196, South Africa. The Estate is being administered under Letters of Executorship No. 18748/2002 issued by the Master of the High Court of South Africa.

4. Defendant, Koppel Miller ("Miller") is an adult individual residing at 5364 Veloz Avenue, Arzana, California.

5. Defendant, Banc of America Investment Services, Inc. ("BAIS") is a corporation with offices at 401 N. Tryon Street, Charlotte, North Carolina. BAIS is the successor in interest to Quick and Reilly, Inc. ("QAR").

6. Defendant, Columbia Management Services, Inc. ("CMS") is a corporation with offices at One Financial Center, Boston, Massachusetts.

**FACTUAL BACKGROUND**

7. On September 13, 2002, Judith Shlagman ("Shlagman") died.

8. Prior to her death, Shlagman had maintained a brokerage account (the "QAR Account") at QAR in her name, c/o Koppel Miller, 5364 Veloz Avenue, Arzana, California 91536.

9. At the time of Shlagman's death, the QAR Account was worth approximately $123,640.11, consisting of 10,752.616 shares of Liberty-Floating Rate Fund, with an approximate value of $94,085.39; 1,697.843 shares of Galaxy Fund

Growth & Income worth approximately $17,487.78; 467.687 shares of Galaxy Funds Equity Growth worth approximately $7,581.21; and 4,485.730 shares of Galaxy Funds worth $4,485.73.

10. On July 7, 2003, QAR transferred all of the assets in the QAR Account to either CMS or an entity controlled by it (hereafter collectively, "Columbia").

11. In conjunction with the transfer of the QAR Account to Columbia, Columbia established a new account under the names of Shlagman and Miller as joint tenants with a right of survivorship (the "Columbia Account"). This change to joint ownership was never authorized or directed by Ms. Shlagman or anyone on her behalf or by her Estate.

12. At the time of the transfer of the QAR Account to Columbia, the QAR Account was worth approximately $129,753.46, consisting of 11,109.117 shares of Liberty Floating Rate Fund, 467.697 shares of Liberty Stein Roe Funds Trust Equity Growth Fund and 1,697.843 shares of Liberty Stein Roe Funds Trust Large Cap Core Fund.

13. On September 13, 2003, QAR received formal notice from the Plaintiff of Shlagman's death.

14. By February 2004, the name of Liberty Floating Rate Fund was changed to Columbia Floating Rate Fund.

15. By no later than February 20, 2004, CMS was fully aware that the Plaintiff was making a claim that funds in the Columbia Account belonged to it. In a letter from CMS to the Plaintiff, CMS advised Plaintiff that the shares in Columbia Floating Rate

Fund could only be redeemed during a Tender Offer Period and that the next one would become effective on March 15, 2004.

16. On March 8, 2004, Miller withdrew all of the assets in the Columbia Account without authorization and with knowledge that he was not entitled to such assets.

17. As a result of the failure of BAIS and/or CMS to properly record the ownership of the QAR Account and the Columbia Account, Miller was able to and did wrongfully convert the assets in the Columbia Account to his own use at substantial loss to the Plaintiff.

## COUNT I
### Against Koppel Miller – Conversion

18. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 17 hereof.

19. At all times relevant hereto, Miller knew that the assets held in the QAR Account and the Columbia Account belonged to Shlagman and, by succession, to the Plaintiff.

20. Miller willfully and maliciously took and converted the assets in the Columbia Account to his own use.

21. Miller is liable to Plaintiff for compensatory and punitive damages for the willful and malicious conversion of the assets in the Columbia Account.

## COUNT II
### Against Koppel Miller – Unjust Enrichment

22. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 21 hereof.

23. In wrongfully taking the assets from the Columbia Account, Miller obtained a substantial benefit to the detriment of the Plaintiff.

24. It would be inequitable for Miller to retain the benefits from his receipt of the assets from the Columbia Account.

### COUNT III
### Against Banc of America Investment Services, Inc. and Columbia Management Services, Inc. – Breach of Duty

25. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 24 hereof.

26. BAIS and CMS each owed a fiduciary duty to Shlagman and the Plaintiff to safeguard the QAR Account and the Columbia Account.

27. BAIS and CMS breached their fiduciary duty to Shlagman and the Plaintiff by failing to safeguard the accounts and by causing and/or permitting the account name to be changed without the permission of Shlagman or the Plaintiff and by permitting Miller to withdraw all of the assets from the Columbia Account.

28. Plaintiff has suffered damages thereby.

### COUNT IV
### Against Banc of America Investment Services, Inc and Columbia Management Services, Inc. – Negligence

29. Plaintiff incorporates herein the allegations contained in paragraphs 1 through 28 hereof.

30. BAIS and CMS each owed a duty of care to Shlagman and the Plaintiff in the handling of the QAR Account and the Columbia Account.

5

31. BAIS and CMS breached that duty of care by permitting the name on the account to be changed without the authorization of Shlagman or the Plaintiff and by permitting Miller to withdraw the assets from the Columbia Account.

32. Plaintiff has suffered damages thereby.

WHEREFORE, Plaintiff demands that judgment be entered in its favor and against Defendants as follows:

A. Against Miller for compensatory and punitive damages, together with counsel fees and costs; and

B. Against BAIS and CMS for compensatory damages.

## JURY DEMAND

Plaintiff requests a jury trial on all matters triable to a jury.

ESTATE OF JUDITH SHLAGMAN

By its attorneys,

Joseph B.U. Bodoff (548916)
Evan Slavitt (466510)
Bodoff & Slavitt LLP
225 Friend Street
Boston, MA  02114-1812

Dated: July 6, 2006

6