THE DISTRICT OF MASSACHUSETTS

Civil Action No. 06 CA 11170 RCL

| | |
|---|---|
| ESTATE OF JUDITH SHLAGMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KOPPELL MILLER, BANC OF AMERICA INVESTMENT SERVICES, INC. and COLUMBIA SERVICES, INC. | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT KOPPELL MILLER'S MEMORANDUM
IN SUPPORT OF HIS MOTION TO DISMISS**

A.   **Introduction**

Defendant Koppell Miller respectfully moves to dismiss the claims against him pursuant to F.R.C.P. 12(b)(2) on the grounds that personal jurisdiction does not lie in Massachusetts.

B.   **Statement of the Facts Relevant To This Motion**

Koppell Miller ("Mr. Miller") is an eighty year old retiree who resides in Tarzana, California. *See* Affidavit of Koppell Miller ("Miller Aff."), submitted herewith, at ¶¶2-3.

He has not transacted any business in Massachusetts,[1] does not own property here, and his records concerning this matter do not disclose dealings or communications with the Massachusetts offices of defendants Banc of America Investment Services, Inc. and Columbia Services, Inc. (collectively the "Bank Entities"). Miller Aff. at ¶¶8-10.

This case concerns an investment account originated by Judith Shlagman ("Ms. Shlagman"), who at all times material to this matter resided in Johannesburg, South Africa. Ms. Shlagman, a sophisticated investor, passed away on September 13, 2002. *See* Complaint at ¶7. Because Ms. Shlagman was not a United States citizen, the account was held by her brother, Mr. Miller, who resides in California (Mr. Miller moved to the United States in 1981, *see* Miller Aff. at ¶2). At some point either shortly before or after Ms. Shlagman's death, the ownership of the account was transferred to Judith Shlagman and Koppell Miller as Joint Tenants with rights of survivorship. *See* bank notice concerning the account, attached as Exhibit 1 to the Miller Affidavit. Mr. Miller had no involvement with the transfer of ownership of the account, and was informed of the account's ownership change by the Bank Entities. Miller Aff. at ¶7.

At some point thereafter, Mr. Miller requested that the Bank Entities transfer the funds to him in California. Mr. Miller was provided with a bank form to effectuate the liquidation of the account, and he faxed the completed form to a branch in Colorado. *See*

---

[1] Mr. Miller has been to Massachusetts only once in 1980 for a family matter. Miller Aff. at ¶10.

2

Transfer Form attached as Exhibit 2 to the Miller Aff. (the fax cover sheet contains the area code for Denver, Colorado).

As stated above, Mr. Miller is eighty years old. He suffers from serious medical ailments including, without limitation, high blood pressure; hearing and sight impairments (Mr. Miller is blind in his right eye); and is prone to dizzy spells. *See* Miller Aff. at ¶11. Thus, traveling to Massachusetts, communicating with Massachusetts counsel and litigating this case in Massachusetts presents an undue hardship on Mr. Miller. *Id.*; *see also* Declaration of John Keith Vyden, MD, submitted herewith, at ¶¶7-10.

The relevant pleadings in this case – the complaint and the Bank Entities' cross-claim – do not contain any allegations that Mr. Miller transacted business in the Commonwealth of Massachusetts or that he has availed himself to the jurisdiction of the Massachusetts courts.

### C. Discussion of the Law

#### I. Standard of Review

When facing a motion to dismiss for lack of personal jurisdiction, the plaintiff "bears the burden of proving this Court's jurisdiction over the nonresident defendants." *See JMTR Enterprises, LLC v. Duchin*, 42 F.Supp.2d 87, 94 (1999); *see also U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.*, 894 F.2d 9, 11 (1st Cir. 1990). Jurisdiction will only exist "when some basis for jurisdiction enumerated in the statute has been established," *Good Hope*

*Indus., Inc. v. Ryder Scott Co.*, 378 Mass. 1, 6, 389 N.E.2d 76 (1979), and plaintiff's showing "must be based on evidence of specific facts set forth in the record. *Chlebda v. H.E. Fortna & Bro., Inc.*, 609 F.2d 1022, 1024 (1st Cir. 1970 ) (holding that "plaintiff must go beyond the pleadings and make affirmative proof").

## II.     There Are Insufficient Contacts Under The Long Arm Statute

The only conceivable grounds for Massachusetts courts to have jurisdiction over Mr. Miller would be under the Massachusetts long-arm statute, G.L. c.223A, §3, which based on a cursory review of plaintiff's complaint and the Banking Entities' cross-claim, is clearly inapplicable to the present case.  Here, neither plaintiff or the Banking Entities have proffered any evidence (or made any allegations) establishing that Mr. Miller has had minimum contacts in Massachusetts.  The only conceivably relevant portion of the statute is §3(a) – the court may exercise jurisdiction over a person "as to a cause of action ... arising from the person's ... transacting any business in this commonwealth."  Thus, if Mr. Miller transacted business in Massachusetts <u>and</u> the cause of action arose from that transacting of business, jurisdiction lies.  Such is not the case here, since Mr. Miller has not transacted any business in Massachusetts.  *See* Miller Affidavit at ¶10.

A recent case from this Court is particularly analogous to (if not dispositive of) the present case.  The case of *JANA Brands, Inc. v. NEXIFM, Inc.*, 2003 WL 164251 (D. Mass. 2003) involved a contract dispute between plaintiff (a Massachusetts company) and defendant (a Texas company) relating to seafood that defendant purchased from

4

plaintiff's Seattle, Washington location. Defendant failed to make the final payment under the parties' payment plan, and the parties attempted to resolve their dispute with defendant communicating with plaintiff's Massachusetts office. Plaintiff eventually brought suit in the District of Massachusetts, and defendants (the Texas company and its CEO sued in his individual capacity) moved to dismiss for lack of personal jurisdiction. *Id.* at *1. The District Court (Zobel, J.) allowed defendant's motion, holding that the "telephone conversations defendants' agent had with plaintiff's president while the later was in Massachusetts . . . cannot be construed as affirmative acts whereby defendants availed themselves of the privileges of conducting activities in Massachusetts." *Id.* at *2; citing *Aub. v. Technicolor Entertainment Services*, 224 F.Supp. 2d 371 (2002) (stating that the "fact that there were long-distance communications between the parties by mail and telephone is not enough to justify the conclusion that [business was transacted] *in* Massachusetts." *Id.*

Perhaps the furthest reach of §3(a) of the Massachusetts long-arm statute was found in *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 625 N.E.2d 549 (1994), where the Massachusetts plaintiff sued a Delaware corporation for an injury she sustained at its hotel in California. In *Tatro*, the defendant hotel solicited customers in Massachusetts to stay in its California hotel, and plaintiff made her room reservation from Massachusetts:

> The hotel ... entered into a contract with a Massachusetts
> resident, by means of a telephone contact with the plaintiff
> while she was in Massachusetts. The defendant's contact
> with the plaintiff was part of a larger systematic effort on its

5

> 416 Mass. 767, 770, 625 N.E.2d at 552.

Thus, in *Tantro*, defendant clearly transacted business in Massachusetts. But whether plaintiff's injury arose from that business was a much closer question. The Court, rejecting the approach of the First Circuit and certain other courts (which defined "arising from" as requiring that the conduct in the forum state be an element of proof of plaintiff's claim or, in fact, the legal or proximate cause of the injury),[2] agreed upon a "but for" test that asks whether the injury would not have arisen "but for" the business transaction. *Tatro v. Manor Care, Inc., supra*, 416 Mass. at 770-772; 625 N.E.2d at 55 3-554. That test was satisfied in the *Tatro* case because, "but/for" the defendant's soliciting plaintiff's business and taking her reservation in Massachusetts, she would never have traveled to California and been injured there.

But that test is decidedly not met in the present case. Most simply put, Mr. Miller transacted no business at all in Massachusetts that had any relationship – much less a "but/for" causation nexus – with plaintiff's supposed injury. *See* Miller Aff. at ¶¶9-10.

A slightly different, if consistent way to look at the "but/for" test, and one elaborated by *Tatro* in its federal law analysis, is to ask (as is necessary to satisfy the

---

[2] *E.g., Marino v. Hyatt Corp.*, 793 F.2d 427, 428-430 (1st Cir. 1986); *Pizarro v. Hoteles Concorde Int'l, C.A.*, 907 F.2d1256, 1259 (1st Cir. 1990); *Pearow v. National Life & Accident Ins. Co.*, 703 F.2d 1067, 1068-1069 (8th Cir. 1983); *Gelfland v. Tanner Motor Tours, Ltd.*, 339 F.2d 317, 321-322 (2nd Cir. 1964); *Dirks v. Carnival Cruise Lines*, 642 F.Supp. 971, 974-975 (D.Kan. 1986).

part to obtain business form Massachusetts businesses and residents.

> 416 Mass. 767, 770, 625 N.E.2d at 552.

Thus, in *Tantro*, defendant clearly transacted business in Massachusetts. But whether plaintiff's injury arose from that business was a much closer question. The Court, rejecting the approach of the First Circuit and certain other courts (which defined "arising from" as requiring that the conduct in the forum state be an element of proof of plaintiff's claim or, in fact, the legal or proximate cause of the injury),[2] agreed upon a "but for" test that asks whether the injury would not have arisen "but for" the business transaction. *Tatro v. Manor Care, Inc., supra*, 416 Mass. at 770-772; 625 N.E.2d at 55 3-554. That test was satisfied in the *Tatro* case because, "but/for" the defendant's soliciting plaintiff's business and taking her reservation in Massachusetts, she would never have traveled to California and been injured there.

But that test is decidedly not met in the present case. Most simply put, Mr. Miller transacted no business at all in Massachusetts that had any relationship – much less a "but/for" causation nexus – with plaintiff's supposed injury. *See* Miller Aff. at ¶¶9-10.

A slightly different, if consistent way to look at the "but/for" test, and one elaborated by *Tatro* in its federal law analysis, is to ask (as is necessary to satisfy the

---

[2] *E.g., Marino v. Hyatt Corp.*, 793 F.2d 427, 428-430 (1st Cir. 1986); *Pizarro v. Hoteles Concorde Int'l, C.A.*, 907 F.2d1256, 1259 (1st Cir. 1990); *Pearow v. National Life & Accident Ins. Co.*, 703 F.2d 1067, 1068-1069 (8th Cir. 1983); *Gelfland v. Tanner Motor Tours, Ltd.*, 339 F.2d 317, 321-322 (2nd Cir. 1964); *Dirks v. Carnival Cruise Lines*, 642 F.Supp. 971, 974-975 (D.Kan. 1986).

Fourteenth Amendment) whether defendant had "minimum contacts" with the forum state and whether plaintiff's claim arose from defendant's forum activity. *Tatro*, 416 Mass. at 772-773, 625 N.E.2d at 554-555 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985); *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 108-109 (1987)). In this analysis, the touchstone is whether Mr. Miller had purposeful contacts with the forum state from which the claim arose such that defendant's availing itself of the privileges of the forum state may be deemed an acceptance as well as of its jurisdiction. Under this analysis (as well as the "but/for" test), there is no jurisdiction. The plain fact is that Mr. Miller has conducted no business in Massachusetts, and, in fact, the document he completed and submitted to the Bank Entities was submitted to a branch located in Colorado. Miller Aff. at ¶9 and Exhibit 2 there to.

*Tatro*'s final concern is also relevant, since the Court emphasized that jurisdiction must not offend traditional notices of fair play and substantial justice.

> In practical terms, this means that an assumption of jurisdiction must be tested for its reasonableness, taking into account such factors as the burden on the defendant of litigating in the plaintiff's chosen forum, its forum state's interest in adjudicating the dispute, and the plaintiff's interest in obtaining relief.
>
> 416 Mass. at 773; 554 N.E.2d at 554.

Here none of these factors favors Massachusetts, since Mr. Miller is a California citizen who has never conducted business in Massachusetts, and has no interest in

adjudicating matters here. If plaintiff and the Banking Entities wish to pursue its claims against Mr. Miller, it should bring them in California.

**Conclusion**

Based on the foregoing, Mr. Miller's motion to dismiss for lack of personal jurisdiction should be allowed.

> Respectfully submitted,
>
> Koppell Miller,
>
> By his attorneys,
>
> /s/ Noah Rosmarin
> David L. Kelston, BBO #267310
> Noah Rosmarin, BBO #630632
> Adkins, Kelston & Zavez, P.C.
> 90 Canal Street, 5th Floor
> Boston, MA 02114
> Telephone: 617-367-1040
> Facsimile: 617-742-8280

Dated: August 18, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 18, 2006.

> /s/ Noah Rosmarin